Barry R. Fischer (BF0274)
FISCHER & MANDELL LLP
550 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 840-9300

George Minski
Marcia C. Giordano
ROTH, ROUSSO & KATSMAN LLP
18851 N.E. 29th Avenue, Suite 900
Aventura, Florida 33180
(786) 279-0000

Attorneys for Plaintiff Omar Castorino



**JUDGE CROTTY**

NOV 2 7 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____X

OMAR CASTORINO

                Plaintiff,

    -against-

CITIBANK N.A.

           Defendant.
_____X

<u>COMPLAINT</u>
Civil Action No.
<u>JURY TRIAL DEMANDED</u>

<u>JURISDICTION</u>

1. Jurisdiction is based upon 28 USC §1332 (a) (2) in that this is an action between a

citizen of a foreign state and a corporate citizen of a State and the amount in

controversy exceeds the value of US$75,000, exclusive of interest and costs.

1

VENUE

2.  Venue is proper under 28 U.S.C. § 1391 (a) (1) and (2) in that defendant has its principle place of business in the district and most of the events and omissions giving rise to the claim occurred in the district.

PARTIES

3.  Plaintiff, OMAR CASTORINO (hereinafter referred to as "Omar") is a citizen and resident of Paraguay.

4.  Defendant, CITIBANK, N.A. (hereinafter referred to as "Citibank"), is a subsidiary of Citigroup with its principal place of business in the City of New York.

FACTS COMMON TO ALL CLAIMS

5.  On September 1, 2005, Omar Castorino, his uncle, Nelson Abdon Castorino (hereinafter "Nelson") and Nelson's confidante, Pedro Bizzozzero opened an account with Citibank.

6.  The account was opened in Paraguay, but managed by Citibank's International Personal Banking Division in New York.

7.  The opening document is in Spanish, and states that the terms and conditions of an English version are controlling.

8.  Citibank never provided Omar with an English version of the opening document.

9.  The account consists of a Demand Deposit checking account, brokerage account and insured money-market account (hereinafter, collectively "account"). The account number is 50896167.

10. The average monthly combined balance for 2007 was consistently greater than One Million dollars ($1,000,000), and at the time the causes of action pleaded herein

2

arose, the balance was One Million One Hundred and Three Thousand, Three Hundred Seventy Two dollars and Sixty Five cents ($1,103,372.65).

11. Prior to June 2007, Omar and Nelson became embroiled in a dispute and Nelson terminated Omar's position in the family business. As a result, Omar became concerned that his uncle would also attempt to deprive Omar of his share of the funds in the account.

12. Omar retained the law firm Roth, Rousso & Katsman, LLP in Miami, Florida ("Miami law firm") to assist him with investigation of the account, to obtain more information about the account with regard to withdrawals and deposits and to facilitate communication with Citibank to obtain information about the account in order to better protect his interests in the account funds.

13. On June 19, 2007 the Miami law firm sent an e-mail on Omar's behalf to Citibank, care of Aaron Visbal, the person Citibank assigned to manage the account and respond to Omar.

14. The law firm requested a meeting with Visbal to discuss the account. Omar and his attorney proposed flying to New York for this purpose.

15. The e-mail specifically asked that the request for a meeting not be disclosed to Nelson in advance of the meeting, and that Omar be notified of any request for a withdrawal, transfer, or movement of money in the account.

16. No response from Visbal was received. Two days later another e-mail was sent, reiterating the request for a meeting, the confidentiality of the request, and notification regarding any sudden movements in the account. Again, no response was sent by Visbal.

3

17. Two days later, after the Miami law firm had contacted Visbal's Office Manager, Visbal responded via telephone.

18. Initially, Visbal, on behalf of Citibank, refused to meet Omar, but said he would consider the request over the next few days.

19. After a one week delay, Visbal contacted the Miami law firm to arrange the meeting, but prohibited the presence of Omar's attorneys. Omar insisted on having counsel present and within the next few days, Visbal "welcomed" the presence of Omar's attorney.

20. On July 9, 2007 Visbal met with Omar and his attorney from Miami at the Citibank office in New York. At this meeting, Visbal openly admitted that rather than immediately responding to the June 19, 2007 e-mail from Omar's attorney or to the follow-up e-mails and telephone calls, he instead immediately contacted Nelson Abdon Castorino and informed him of Omar's request for a meeting.

21. Visbal further admitted that, upon hearing of his nephew's request for a meeting with Citibank, Nelson instructed Visbal to transfer an amount of money in excess of $1,000,000 out of the account and into an account he controlled.

22. Furthermore, at the July 9, 2007 meeting, Visbal did not have any official statement or paperwork regarding this account and could not provide any at the time. Visbal represented that copies of statements and documents would be sent by the following Friday.

23. After weeks of phone calls and follow up correspondence were ignored by Visbal, Citibank sent an incomplete set of documents on September 13, 2007, more than two months later.

4

24. Upon receipt and inspection of these materials, Omar became aware that Nelson had withdrawn the bulk of the account funds after Citibank was put on notice of Omar's concerns.

25. Upon information and belief, the funds were transferred by Citibank, at Nelson's direction, to an account bearing only Nelson and Pedro Bizzozero's names.

## AS AND FOR A FIRST CLAIM FOR RELIEF
(Breach of Contract)

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 – 25 hereof as if the same had been repeated here at length.

27. Based upon the foregoing, Citibank breached its contract with Omar , as a joint owner of the account, by acting in a commercially unreasonable manner in deliberately and unfaithfully ignoring Omar's request for a confidential meeting and by facilitating Nelson's looting of the account.

28. Citibank's commercially unreasonable and deliberate actions have damaged Omar, for whose benefit the account was opened.

29. Omar has been damaged in an amount at least equal to that which was withdrawn from the account following Citibank's notification to Nelson.

## AS AND FOR A SECOND CLAIM FOR RELIEF
(Breach of Standard of Care)

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 – 25 hereof as if the same had been repeated here at length.

31. In the alternative, if the terms and conditions, in the Spanish opening document, do not constitute an "official" and binding set of terms and conditions, then no contractual relationship exists between the parties.

32. If no such contractual relationship exists, then Citibank held the account as a fiduciary for Omar. Citibank, by and through its managers, such as Aaron Visbal, owed a common law duty to act with reasonable and ordinary care.

33. Citibank therefore owed, Omar a duty to act with reasonable care in regard to any accounts to which Citibank was aware that Omar had an interest.

34. Citibank not only breached this duty of care, but went further in actively and/or recklessly contacting Nelson, informing him of Omar's request for a meeting, in spite of specific instructions to the contrary from Omar and otherwise wrongfully discounting Omar's interest in the account while unilaterally promoting Nelson's interests to the funds in the account.

35. Citibank breached its common law duty to act with reasonable care when it acted inappropriately when put on notice of conflict between account owners by 1) failing to follow specific instructions of Omar;  2) failing to place a hold on the account until the conflict between the account holders was resolved ; 3) by allowing one of the account holders to withdraw 90% of the funds in the account knowing a conflict existed between account holders and not notifying the other account holder in a commercially reasonable time frame; 4) by concealing and also withholding information pertinent to the account from Omar  over a period of months despite consistent requests for said information.

WHEREFORE, plaintiff OMAR CASTORINO demands judgment against defendant Citibank N.A. as follows:

1. On the claim for breach of contract, damages in an amount to be proved at trial, but in excess of $1,000,000.

2. On the claim for breach of standard of care, damages in an amount to be proved at trial, but in excess of $1,000,000.

3. Reasonable attorney's fees.

4. The costs and disbursements of this action and such other further and different relief as to the court seems just and proper.

Dated: New York, New York
       November 27, 2007

By_____
      Barry R. Fischer (BF0274)

FISCHER & MANDELL LLP
550 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 840-9300

George Minski
Marcia C. Giordano
ROTH, ROUSSO & KATSMAN LLP
18851 N.E. 29th Avenue, Suite 900
Aventura, Florida 33180
(786) 279-0000

Attorneys for Plaintiff Omar Castorino

7