Barry J. Glickman
Bryan D. Leinbach
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022

Attorneys for Defendant Citibank, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAR CASTORINO,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　- against -<br><br>CITIBANK, N.A.,<br><br>　　　　　　　　　　Defendant. | Case No.:   07 Civ. 10606 (PC)<br><br>**DECLARATION OF BARRY J. GLICKMAN IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)** |

STATE OF NEW YORK,
COUNTY OF NEW YORK.

　　　　　BARRY J. GLICKMAN, pursuant to 28 U.S.C. § 1746, declares the following:

　　　　　1.　　I am a member of Zeichner Ellman & Krause LLP, attorneys for defendant Citibank, N.A. I make this declaration in support of Citibank's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

　　　　　2.　　Attached as Exhibit A is a copy of the complaint.

3.  Attached as Exhibit B is a copy of a letter dated February 7, 2008 from Citibank's counsel to this Court.

4.  Attached as Exhibit C is a copy of the letter dated February 8, 2008 from plaintiff's counsel to this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 31, 2008.

_____
BARRY J. GLICKMAN

Exhibit A

**07 CV 10606**

**JUDGE CROTTY**

Barry R. Fischer (BF0274)
FISCHER & MANDELL LLP
550 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 840-9300

George Minski
Marcia C. Giordano
ROTH, ROUSSO & KATSMAN LLP
18851 N.E. 29th Avenue, Suite 900
Aventura, Florida 33180
(786) 279-0000

Attorneys for Plaintiff Omar Castorino

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____X

OMAR CASTORINO

          Plaintiff,

                                                    COMPLAINT
                                                  Civil Action No.
                                                  JURY TRIAL DEMANDED

   -against-

CITIBANK N.A.

          Defendant.
_____X

## JURISDICTION

1. Jurisdiction is based upon 28 USC §1332 (a) (2) in that this is an action between a citizen of a foreign state and a corporate citizen of a State and the amount in controversy exceeds the value of US$75,000, exclusive of interest and costs.

1

## VENUE

2. Venue is proper under 28 U.S.C. § 1391 (a) (1) and (2) in that defendant has its principle place of business in the district and most of the events and omissions giving rise to the claim occurred in the district.

## PARTIES

3. Plaintiff, OMAR CASTORINO (hereinafter referred to as "Omar") is a citizen and resident of Paraguay.

4. Defendant, CITIBANK, N.A. (hereinafter referred to as "Citibank"), is a subsidiary of Citigroup with its principal place of business in the City of New York.

## FACTS COMMON TO ALL CLAIMS

5. On September 1, 2005, Omar Castorino, his uncle, Nelson Abdon Castorino (hereinafter "Nelson") and Nelson's confidante, Pedro Bizzozzero opened an account with Citibank.

6. The account was opened in Paraguay, but managed by Citibank's International Personal Banking Division in New York.

7. The opening document is in Spanish, and states that the terms and conditions of an English version are controlling.

8. Citibank never provided Omar with an English version of the opening document.

9. The account consists of a Demand Deposit checking account, brokerage account and insured money-market account (hereinafter, collectively "account"). The account number is 50896167.

10. The average monthly combined balance for 2007 was consistently greater than One Million dollars ($1,000,000), and at the time the causes of action pleaded herein

arose, the balance was One Million One Hundred and Three Thousand, Three Hundred Seventy Two dollars and Sixty Five cents ($1,103,372.65).

11. Prior to June 2007, Omar and Nelson became embroiled in a dispute and Nelson terminated Omar's position in the family business. As a result, Omar became concerned that his uncle would also attempt to deprive Omar of his share of the funds in the account.

12. Omar retained the law firm Roth, Rousso & Katsman, LLP in Miami, Florida ("Miami law firm") to assist him with investigation of the account, to obtain more information about the account with regard to withdrawals and deposits and to facilitate communication with Citibank to obtain information about the account in order to better protect his interests in the account funds.

13. On June 19, 2007 the Miami law firm sent an e-mail on Omar's behalf to Citibank, care of Aaron Visbal, the person Citibank assigned to manage the account and respond to Omar.

14. The law firm requested a meeting with Visbal to discuss the account. Omar and his attorney proposed flying to New York for this purpose.

15. The e-mail specifically asked that the request for a meeting not be disclosed to Nelson in advance of the meeting, and that Omar be notified of any request for a withdrawal, transfer, or movement of money in the account.

16. No response from Visbal was received. Two days later another e-mail was sent, reiterating the request for a meeting, the confidentiality of the request, and notification regarding any sudden movements in the account. Again, no response was sent by Visbal.

17. Two days later, after the Miami law firm had contacted Visbal's Office Manager, Visbal responded via telephone.

18. Initially, Visbal, on behalf of Citibank, refused to meet Omar, but said he would consider the request over the next few days.

19. After a one week delay, Visbal contacted the Miami law firm to arrange the meeting, but prohibited the presence of Omar's attorneys. Omar insisted on having counsel present and within the next few days, Visbal "welcomed" the presence of Omar's attorney.

20. On July 9, 2007 Visbal met with Omar and his attorney from Miami at the Citibank office in New York. At this meeting, Visbal openly admitted that rather than immediately responding to the June 19, 2007 e-mail from Omar's attorney or to the follow-up e-mails and telephone calls, he instead immediately contacted Nelson Abdon Castorino and informed him of Omar's request for a meeting.

21. Visbal further admitted that, upon hearing of his nephew's request for a meeting with Citibank, Nelson instructed Visbal to transfer an amount of money in excess of $1,000,000 out of the account and into an account he controlled.

22. Furthermore, at the July 9, 2007 meeting, Visbal did not have any official statement or paperwork regarding this account and could not provide any at the time. Visbal represented that copies of statements and documents would be sent by the following Friday.

23. After weeks of phone calls and follow up correspondence were ignored by Visbal, Citibank sent an incomplete set of documents on September 13, 2007, more than two months later.

24. Upon receipt and inspection of these materials, Omar became aware that Nelson had withdrawn the bulk of the account funds after Citibank was put on notice of Omar's concerns.

25. Upon information and belief, the funds were transferred by Citibank, at Nelson's direction, to an account bearing only Nelson and Pedro Bizzozero's names.

### AS AND FOR A FIRST CLAIM FOR RELIEF
(Breach of Contract)

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 – 25 hereof as if the same had been repeated here at length.

27. Based upon the foregoing, Citibank breached its contract with Omar, as a joint owner of the account, by acting in a commercially unreasonable manner in deliberately and unfaithfully ignoring Omar's request for a confidential meeting and by facilitating Nelson's looting of the account.

28. Citibank's commercially unreasonable and deliberate actions have damaged Omar, for whose benefit the account was opened.

29. Omar has been damaged in an amount at least equal to that which was withdrawn from the account following Citibank's notification to Nelson.

### AS AND FOR A SECOND CLAIM FOR RELIEF
(Breach of Standard of Care)

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 – 25 hereof as if the same had been repeated here at length.

31. In the alternative, if the terms and conditions, in the Spanish opening document, do not constitute an "official" and binding set of terms and conditions, then no contractual relationship exists between the parties.

32. If no such contractual relationship exists, then Citibank held the account as a fiduciary for Omar. Citibank, by and through its managers, such as Aaron Visbal, owed a common law duty to act with reasonable and ordinary care.

33. Citibank therefore owed, Omar a duty to act with reasonable care in regard to any accounts to which Citibank was aware that Omar had an interest.

34. Citibank not only breached this duty of care, but went further in actively and/or recklessly contacting Nelson, informing him of Omar's request for a meeting, in spite of specific instructions to the contrary from Omar and otherwise wrongfully discounting Omar's interest in the account while unilaterally promoting Nelson's interests to the funds in the account.

35. Citibank breached its common law duty to act with reasonable care when it acted inappropriately when put on notice of conflict between account owners by 1) failing to follow specific instructions of Omar; 2) failing to place a hold on the account until the conflict between the account holders was resolved ; 3) by allowing one of the account holders to withdraw 90% of the funds in the account knowing a conflict existed between account holders and not notifying the other account holder in a commercially reasonable time frame; 4) by concealing and also withholding information pertinent to the account from Omar over a period of months despite consistent requests for said information.

WHEREFORE, plaintiff OMAR CASTORINO demands judgment against defendant Citibank N.A. as follows:

1. On the claim for breach of contract, damages in an amount to be proved at trial, but in excess of $1,000,000.

2. On the claim for breach of standard of care, damages in an amount to be proved at trial, but in excess of $1,000,000.

3. Reasonable attorney's fees.

4. The costs and disbursements of this action and such other further and different relief as to the court seems just and proper.

Dated: New York, New York
November 27, 2007

By_____
Barry R. Fischer (BF0274)

FISCHER & MANDELL LLP
550 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 840-9300

George Minski
Marcia C. Giordano
ROTH, ROUSSO & KATSMAN LLP
18851 N.E. 29th Avenue, Suite 900
Aventura, Florida 33180
(786) 279-0000

Attorneys for Plaintiff Omar Castorino

Exhibit B

ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

BARRY J. GLICKMAN
(212) 826-5327
bglickman@zeklaw.com

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

February 7, 2008

**BY E-MAIL**

Honorable Paul A. Crotty
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street; Room 735
New York, New York 10007

**E-Mail Address: CrottyNYSDChambers@nysd.uscourts.gov**

**Omar Castorino v. Citibank, N.A.**
**07 CV 10606 (PAC)**
**Defendant Citibank, N.A.'s Request for a Conference**

Dear Judge Crotty:

      We are counsel to defendant Citibank, N.A. We write pursuant to Rule 3D of this Court's Individual Practices to request a pre-motion conference. Specifically, Citibank seeks this Court's permission to make a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Construing the complaint in a light most favorable to plaintiff, we believe it is clear that plaintiff cannot state a claim upon which relief can be granted.

      On or about December 12, 2007 plaintiff served his complaint on Citibank. Thereafter, plaintiff's counsel executed and Citibank filed with this Court stipulations extending Citibank's time to respond to the complaint to enable us to investigate plaintiff's claims. Pursuant to the latest stipulation, Citibank's time to respond expires today.

      By his complaint, plaintiff alleges that on September 1, 2005 Citibank opened account number 50896167 (the "Citibank Account") maintained jointly by Nelson Castorino ("Nelson"), Pedro Bizzozzero and plaintiff. Plaintiff further alleges that in or about June 2007 he "became embroiled" in an internecine dispute with Nelson, his uncle, and that he "became concerned that his uncle would also attempt to deprive [him] of his

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Paul A. Crotty
February 7, 2008
Page 2

share of the funds in the account." As a result, plaintiff claims he hired a Florida law firm, Roth, Rousso & Katsman LLP (the "Roth Firm"), co-counsel in this action, to "better protect his interest in the funds." Instead of seeking injunctive relief, however, the Roth Firm claims to have communicated with a Citibank employee to request a meeting to discuss Nelson's use of the account. Shortly thereafter, plaintiff alleges that he and the Roth Firm met with the Citibank representative. At or about the time the meeting was scheduled, plaintiff alleges that the Citibank employee notified Nelson of plaintiff's request and, thereafter, Nelson effected withdrawals from the Citibank Account.

Plaintiff's complaint contains two claims, the first of which is for an alleged breach of contract. Nowhere, however, in the complaint does plaintiff identify the contract that Citibank allegedly breached. It is a fundamental premise that a claim for breach of contract must allege, inter alia, the existence of a contract and "at a minimum set forth the terms of the agreement upon which liability is predicated, either by express reference or by attaching a copy of the documents comprising the agreement." Kaleida Health v. Medtronic Sofamor Danek USA, Inc., 2006 U.S. Dist. LEXIS 92295, 8 (W.D.N.Y 2006). Plaintiff fails to plead with the requisite particularity. This, alone, is grounds for dismissal of the first claim.

Instead of satisfying even the most minimal pleading requirements, plaintiff alleges that by giving notice of the Roth Firm's request for an alleged confidential meeting with its customer, Nelson, Citibank "acted in a commercially unreasonable manner." It, thus, appears that plaintiff's first claim, though styled as breach of contract, really alleges negligence and must be dismissed.

The second claim in the complaint for an alleged amorphous common law "breach of standard of care." Consistent with the first claim plaintiff again alleges that Citibank owed him a "duty to act with reasonable care." Clearly, this claim sounds in negligence. Courts have long held that the relationship between a bank and its depository is strictly contractual. See Stella Flour and Feed Corp. v. National City Bank, 285 A.D. 182, 184, 136 N.Y.S.2d 139, 142-143 (1st Dep't 1954), aff'd, 127 N.E.2d 864, 308 N.Y. 1023 (1955). Thus, for plaintiff to succeed he would have to do so on a breach of contract theory. In any case, on the face of the complaint it is beyond cavil that the second claim is for negligence and must be dismissed.

Finally, plaintiff purports to seek punitive damages, though not in a separately pleaded claim and almost as if an afterthought, in his ad damnum clause. Quite simply, it is hornbook law that punitive damages are not available in breach of contract actions, even where the breach is malicious or intentional. See Thyssen, Inc. v. S.S.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Paul A. Crotty
February 7, 2008
Page 3

<u>Fortune Star</u>, 777 F.2d 57 (2d Cir. 1985). Accordingly, this claim, if deem pleaded properly, must fail.

Accordingly, we seek this Court's permission to make a motion to dismiss plaintiff's complaint.

We look forward to this Court's response.

Respectfully,

Barry J. Glickman

BJG:jd

cc: Barry R. Fischer, Esq. (by e-mail)

Exhibit C

Case 1:07-cv-10606-PAC   Document 9-4   Filed 03/31/2008   Page 1 of 3

# FISCHER & MANDELL LLP
## ATTORNEYS AND COUNSELORS AT LAW

550 FIFTH AVENUE – 6TH FLOOR
NEW YORK, NEW YORK 10036-5007
TEL.: (212) 840-9300
FAX.: (212) 840-9323
www.fmlaw-us.com

BARRY R. FISCHER
ADMITTED IN NEW YORK AND FLORIDA
BFISCHER@FMLAW-US.COM

February 8, 2008

**By E-Mail Only – CrottyNYSDChambers@nysd.uscourts.gov**
Hon. Paul A. Crotty
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl St. Rm 735
New York, NY 10007

      Re: Omar Castorino v. Citibank, N.A. – 07 cv 10606 (PAC)

Dear Judge Crotty:

      We are local counsel to plaintiff Omar Castorino and write in response to the February 7, 2008 letter from counsel for defendant Citibank N.A. requesting a pre-motion conference preparatory to making a motion pursuant to Fed. R. Civ. P. 12 (b) (6) to dismiss the complaint.

      Plaintiff is not opposed to a pre-motion conference and believes that such a conference may be helpful to further define the issues in the case. Plaintiff's counsel can be available for such a conference after February 18, 2008. Plaintiff, however, disagrees with defendant's characterization of the facts and law applicable to this matter.

      In sum, plaintiff has alleged that he was a joint account holder with his uncle and another person of a Citibank account maintained in New York. After a dispute arose with his uncle, plaintiff, fearing that his uncle would withdraw all of the funds from the account improperly and fraudulently, requested, through his Miami attorneys, a confidential meeting with the responsible Citibank officer in New York to discuss the account.

# FISCHER & MANDELL LLP
ATTORNEYS AND COUNSELORS AT LAW

*The email from the law firm requesting the meeting specifically requested that the bank officer not advise the uncle of the confidential request for the meeting and that plaintiff be notified of any request for a withdrawal, transfer, or movement of money in the account. Subsequent phone and email communications reiterated this request for strict confidentiality.*

Rather than honor plaintiff's request for a confidential meeting or even advise plaintiff that it would not do so, the Citibank officer, in direct contravention of his customer's expressed wishes, immediately contacted the uncle, advised him of the request for the meeting and then facilitated the uncle in transferring approximately $1 million from the account and into an account controlled solely by the uncle. By the time the meeting actually occurred some weeks later, the account had essentially been looted and the Citibank account officer admitted his actions in advising the uncle of the confidential request for a confidential meeting.

A checking account creates a contractual debtor-creditor relationship between the drawee bank and its customer. *Tonelli v. Chase Manhattan Bank, N.A.*, 41 N.Y. 2d 667 (1977). A recognized implied covenant of such a contract is that the bank will at all times act in a commercially reasonable manner free from commercial bad faith. The New York Court of Appeals has recognized a cause of action for breach of the covenant of commercial good faith where a depository bank has actual knowledge of facts and circumstances and acts upon that knowledge dishonestly or in bad faith, thus becoming a witting or unwitting participant in a fraudulent scheme. *Prudential-Bache Securities v. Citibank, N.A.*, 73 N.Y.2d 263, 275 (1989).

Plaintiff submits that he has adequately pleaded an action for breach by Citibank of the contractual covenant of commercial good faith and that whether or not the conduct of Citibank complained of violates that covenant is an issue of fact to be determined in the normal course of the litigation.

We look forward to meeting with the Court to discuss this matter further.

Respectfully,

Barry R. Fischer

cc:  Barry J. Glickman, Esq. (by email)
     George A. Minski, Esq (by email)