UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAR CASTORINO,<br><br>                              Plaintiff,<br><br>       - against -<br><br>CITIBANK, N.A.<br><br>                              Defendant. | Case No. 07 Civ. 10606 (PC) |

**CASTORINO'S MEMORANDUM OF LAW IN RESPONSE TO CITIBANK, N.A.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

FISCHER & MANDELL LLP
550 Fifth Avenue, 6th Floor
New York, New York 10036
Telephone: (212) 840-9300
Attorneys for Plaintiff Omar Castorino

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………..ii

PRELIMINARY STATEMENT……………………………………………………………1

RESPONSE TO DEFENDANT CITIBANK, N.A.'S ARGUMENT…………………….4

POINT I    DISMISSAL OF THE COMPLAINT PURSUANT TO FED R. CIV. P. 12(B)(6) IS INAPPROPRIATE AS PLAINTIFF HAS ADEQUATELY STATED A CAUSE OF ACTION………………………………………….4

POINT II    PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT……………….6

POINT III    PLAINTIFF'S CLAIM FOR BREACH OF STANDARD OF CARE…...9

POINT IV    PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES…………………13

CONCLUSION……………………………………………………………………………..14

# TABLE OF AUTHORITIES

**Federal Cases**

Bernheim v. Litt,
  79 F.3d 318 (C.A.2.N.Y. 1996)..................................................5

Bolt Elec., Inc. v. City of New York,
  53 F.3d 465 (C.A.2.N.Y. 1995)..................................................5

Caldwell Trucking PRP Group v. Spaulding Composites, Co., Inc.,
  890 F.Supp. 1247 (D.N.J. 1995)..................................................5

Campo v. 1st Nationwide Bank,
  857 F.Supp. 264 (E.D.N.Y. 1994)..................................................14

Citibank, N.A. v. K-H Corp.,
  745 F.Supp. 899 (S.D.N.Y. 1990)..................................................4

Decker v. Massey-Ferguson, Ltd.,
  681 F.2d 111 (C.A.2.N.Y. 1982)..................................................14

Greenberg v. New York State,
  919 F.Supp. 637 (E.D.N.Y. 1996)..................................................4

Hargrave v. Oki Nursery, Inc.,
  636 F.2d 897, 899 (2d Cir.1980)..................................................10

Harris v. Mississippi Valley State University,
  899 F.Supp. 1561 (N.D.Miss.1995)..................................................5

Hunt v. Mobil Oil Corp.,
  410 F.Supp. 10 (S.D.N.Y. 1975)..................................................5

Industrial Specialty Chemicals, Inc. v. Cummins Engine Co., Inc.,
  902 F.Supp. 805 (N.D.Ill. 1995)..................................................5

JP Morgan Chase Bank v. Winnick,
  350 F.Supp.2d 393, 401 (S.D.N.Y. 2004)..................................................10

Mayer v. Mylod,
  988 F.2d 635 (C.A.6 Mich. 1993)..................................................4

Niece v. Sears, Roebuck & Co.,
  293 F.Supp. 792 (N.D.Okla.1968)..................................................4

Rennie & Laughlin, Inc. v. Chrysler Corp.,
    242 F.2d 208 (C.A.9 Cal. 1957)..........................................................................5

Stepan Co. v. Winter Panel Corp.,
    948 F.Supp. 802 (N.D.Ill. 1996)...........................................................................4

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
    127 S. Ct. 2499, 2507 (2007)................................................................................8

Tevdorachvili v. Chase Manhattan Bank,
    103 F. Supp.2d 632, 640 (E.D.N.Y. 2000)......................................................9, 10

York v. Association of Bar of City of New York,
    286 F.3d 122 (C.A.2.N.Y. 2002).......................................................................4, 5

**State Cases**

Brown v. Bowery Sav. Bank,
    51 N.Y.2d 411, 434 N.Y.S.2d 916, 917 (1980)..................................................12

Clark-Fitzpatrick, Inc. v. Long Island RR Co.,
    70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987)........................10

Estate of Swidow v. Kachkowski,
    2003 WL 175256, 3 (N.Y. Sur. 2003).................................................................12

Furia v. Furia,
    166 A.D.2d 694 (2d Dept 1990)............................................................................6

Griffin Bros., Inc. v. Yatto,
    415 N.Y.S.2d 114 (3 Dept 1979)...........................................................................7

Prudential-Bache Securities, Inc. v. Citibank, N.A.,
    73 N.Y. 2d 263, 275 (1989)...................................................................................7

Quail Ridge Associates v. Chemical Bank,
    162 A.D.2d 917, 919, 558 N.Y.S.2d 655, 657 (3d Dept 1990).........................3, 9

Raine v. Lorimar Productions, Inc.,
    71 B.R. 450 (S.D.N.Y. 1987).................................................................................4

Sapriel v. Charbit,
    309 A.D.2d 601, 765 N.Y.S.2d 369, 370 (1st Dept 2003)..................................12

Severo v. Rockefeller University,
    2008 WL 1809543, 3 (N.Y.Sup. 2008)..................................................................6

<u>Underwood v. New Netherland Bank of New York</u>,
   150 N.Y.S. 487 (N.Y.Sup. 1914)......................................................................8

**Federal Statutes**

Fed. R. Civ. P. 12(b)(6)..........................................................................1, 4, 5

Fed. R. Civ. P. 8(a)..........................................................................................8

**State Statutes**

N.Y. Banking Law, Section 134(5)...............................................................11

N.Y. Banking Law, Section 675(a)...............................................................10

## PRELIMINARY STATEMENT

Plaintiff Omar Castorino ("Castorino") submits this memorandum in response to Defendant Citibank's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted.

Citibank contends that Catorino's complaint is a "misguided attempt to assign liability by asserting factually and legally meritless claims." Plaintiff strongly disagrees; pursuant to the Federal Rules of Civil Procedure the complaint adequately avers facts that form a legally sufficient basis to state a cause of action in breach of contract and/or, in the alternative, breach of standard of care.

The Parties concur that Citibank maintains a joint account (the "Joint Account") in the names of Plaintiff Omar Castorino, Pedro Bizzozzero ("Pedro") and Nelson Castorino ("Nelson"). These individuals opened the Joint Account in Paraguay through Citibank's International Personal Banking Division and said account is managed by Citibank's New York office. The opening document was in Spanish and states that the terms and conditions of an English document are controlling. Plaintiff was never provided a copy of the English document and is therefore unable to produce same for this Honorable Court's consideration at this time; nevertheless, Plaintiff contends that the Spanish and/or English opening documents constitute a contract between the parties. The opening documents create contractual duties, all of which are unknown at this time as Citibank has failed to produce the English document to Plaintiff despite requests; all the same, the duty for Citibank to act in a commercially reasonable manner in managing the Joint Account is at the very least an implied term of the contract. Not having seen the English document, Castorino can only speculate as to the express duties Citibank agreed

1

to undertake. As such, Castorino has brought this action in good faith based upon the documents in Castorino's possession at this time and intends on seeking the assistance of this Honorable Court to ensure Citibank provides the English version of the opening documents along with all other relevant documents that make up the contract between the parties.

Should this Honorable Court determine that no contract exits between the Parties or that there are no express terms in the contract outlining Defendant's duty to act commercially reasonable in managing the Joint Account, Castorino has pled an alternate cause of action founded in tort; specifically, that of Citibank, N.A.'s breach of standard of care.

This Honorable Court should deny Defendant's Motion to Dismiss for the following reasons:

1. The allegations brought forth in Castorino's Complaint form a sufficient basis to support a claim for breach of contract. Castorino has established the elements to justify the breach and has made adequate reference to the English document. The Spanish opening document and the English document together make up the contract. Castorino has requested the English document from Defendant; however, Citibank has failed to produce same.

2. The breach of standard of care claim also survives Defendant's Motion to Dismiss as it is established law that "[a] tort may accompany a breach of contract where the contract creates a relation out of which springs a duty, independent of the contract obligation, and that independent duty is also

2

violated." <u>Quail Ridge Associates v. Chemical Bank</u>, 162 A.D.2d 917, 919, 558 N.Y.S.2d 655, 657 (3d Dept 1990). Because Castorino is kept in the dark with respect to all of the terms and conditions established by the English document, Castorino cannot adequately determine each and every specific duty Citibank contractually undertook; thus, Castorino has plead its tort claim as an alternative to its breach of contract claim on the basis of an independent duty sprung from the contract established by the parties.

3. Castorino has not made a claim for punitive damages; thus, Defendant's request to dismiss same is inappropriate and should be stricken.

Castorino has properly alleged a sufficient factual basis to support the claims brought forth in his Complaint; as such, this Honorable Court must deny Defendant Citibank, N.A.'s Motion to Dismiss.

In the alternative, should this Honorable Court determine that the causes of action are insufficient as stated, Castorino should be granted leave to amend its complaint to clarify any insufficiencies, as well as, be granted limited preliminary discovery from Defendant Citibank, N.A. to obtain additional documents from Defendant in support Castorino's contract claim.

## RESPONSE TO DEFENDANT CITIBANK, N.A.'S ARGUMENT

### POINT I

### DISMISSAL OF THE COMPLAINT PURSUANT TO FED R. CIV. P. 12(B)(6) IS INAPPROPRIATE AS CASTORINO HAS ADEQUATELY STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The purpose of a motion to dismiss for failure to state claim upon which relief can be granted, pursuant to FED. R. CIV P. 12(b)(6), is to assess the adequacy of a statement of claim for relief as a matter of law. Stepan Co. v. Winter Panel Corp., 948 F.Supp. 802 (N.D.Ill. 1996); Mayer v. Mylod, 988 F.2d 635 (C.A.6 Mich. 1993).

To survive a motion to dismiss for failure to state a claim, the plaintiff is only required to allege sufficient facts so as to provide the defendant with fair notice of the basis for the claim. Greenberg v. New York State, 919 F. Supp. 637 (E.D.N.Y. 1996); Fed. R. Civ. P. 12(b)(6). Thus, such a motion is not the proper procedure for resolving contest about facts or merits of the case, as the weight of the evidence that plaintiff offers or intends to offer is not to be considered by the Court. Id; Citibank, N.A. v. K-H Corp., 745 F.Supp. 899 (S.D.N.Y. 1990); Niece v. Sears, Roebuck & Co., 293 F. Supp. 792 (N.D.Okla.1968)(holding that the function of a motion to dismiss is to test law of a claim and not the facts which support it). Based on the foregoing principal, it is established case law that a complaint cannot be dismissed for failure to state claim on the grounds that plaintiff is not immediately able to prove its allegations and offer witnesses in support thereof. Raine v. Lorimar Productions, Inc., 71 B.R. 450 (S.D.N.Y. 1987).

On a motion to dismiss for failure to state a claim, the issue is not whether a plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. FED. R CIV. P. 12(b)(6); York v. Association of Bar of City of New

York, 286 F.3d 122 (C.A.2.N.Y. 2002). Thus, in making its determination on a motion to dismiss for failure to state claim pursuant to the FED. R. CIV P. 12(b)(6), the court must accept all of the factual allegations made in the complaint as true and construe all reasonable inferences in favor of the plaintiff. Industrial Specialty Chemicals, Inc. v. Cummins Engine Co., Inc., 902 F.Supp. 805 (N.D.Ill. 1995). Therefore, such a motion should only be granted when the court determines, "beyond doubt," that "no relief can be granted under any set of facts that could be proved consistent with the allegations stated in the complaint. Hunt v. Mobil Oil Corp., 410 F.Supp. 10 (S.D.N.Y. 1975)(holding that a complaint should not be dismissed for failure to state a claim under FED.R. CIV.P. 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.); FED. R CIV. P. 12(b)(6); Harris v. Mississippi Valley State University, 899 F.Supp. 1561 (N.D.Miss.1995); Bolt Elec., Inc. v. City of New York, 53 F.3d 465 (C.A.2.N.Y. 1995); Bernheim v. Litt, 79 F.3d 318 (C.A.2.N.Y. 1996). This high standard is built upon the long established principal that a case should be tried on the merits and proofs rather than the pleadings. Caldwell Trucking PRP Group v. Spaulding Composites, Co., Inc., 890 F.Supp. 1247 (D.N.J. 1995); Rennie & Laughlin, Inc. v. Chrysler Corp., 242 F.2d 208 (C.A.9 Cal. 1957).

Based upon the aforementioned standards and for the reasons set forth below, this Honorable Court should deny Defendant Citibank's Motion to Dismiss as Castorino's Complaint alleges a sufficient factual basis to establish a cause of action for breach of contract and/or in the alternative breach of standard of care.

## POINT II

### CASTORINO'S CLAIM FOR BREACH OF CONTRACT

Castorino's claim for breach of contract is legally sufficient to withstand Defendant Citibank, N.A.'s Motion to Dismiss.

The standard for pleading a cause of action for breach of contract in the State of New York requires a plaintiff allege "(1) formation of a contract between the parties; (2) performance by plaintiff; (3) defendants' failure to perform; and (4) resulting damage." Severo v. Rockefeller University, 2008 WL 1809543, 3 (N.Y.Sup. 2008) (referencing *Furia v. Furia*, 166 A.D.2d 694 (2d Dept 1990)). Castorino's Complaint contains sufficient factual allegations to satisfy each of the above-referenced elements, establishing a cause of action for breach of contract.

Defendant Citibank, N.A., states in its Motion to Dismiss that Castorino's Complaint "fails to clearly allege the existence of any contract upon which a breach of contract claim can be based...;" Defendant Citibank's Motion to Dismiss, Page 7. However, such a statement cannot be further from the truth. Castorino's Complaint specifically references the existence of a contract between the parties in the form of the Spanish opening documents, a copy of which was attached to the complaint. Further, the Complaint references an English document that outlines the contractual obligations of the parties. Together, these documents form the contract that governs the relationship, duties, and obligations of the parties, both expressly and implicitly.

Castorino does not possess a copy of the English document and is unable to attach same to the complaint; nevertheless, such a document is incorporated by reference in the Complaint on several occasions. Further, Castorino's failure to attach the English

6

document is not fatal to the survival of Castorino's claim as courts have held that in a breach of contract action, plaintiff is not necessarily required to attach a copy of the contract or plead its terms verbatim. Griffin Bros., Inc. v. Yatto, 415 N.Y.S.2d 114 (3 Dept 1979).

The New York Court of Appeals has denied motions to dismiss where the plaintiff merely asserts that a depository bank has acted with "commercially bad faith." In Prudential-Bache Securities, Inc. v. Citibank, N.A., 73 N.Y. 2d 263, 275 (1989), the court denied defendant depository bank's motion to dismiss because the plaintiff asserted that the bank "knew of and thereby itself became a participant in the unlawful scheme to launder plaintiff's funds." The court stated that,[w]here a depositary bank acts dishonestly – where it has actual knowledge of facts and circumstances that amount to bad faith, thus itself becoming a participant in a fraudulent scheme – such conduct falls wholly outside the allocation of business risks that was contemplated by UCC 3-405(1)(c)." Id.

Here, Citibank knew of the rift between Castorino and his uncle Nelson. Citibank also knew of Nelson's potential scheme to loot the Joint Account. When Castorino requested a confidential meeting, Citibank could have refused to meet and discuss his concerns regarding the Joint Account. Instead Citibank mislead Castorino into believing it was honoring his request and almost immediately informed Nelson about Castorino's request. Consequently, Nelson withdrew substantially all of the Joint Account's assets prior to Castorino being able to obtain a meeting with Citibank. Because it knew of the facts and circumstances surrounding Castorino's relationship with Nelson and

nonetheless betrayed Castorino's trust and confidence in favor of Nelson, Citibank became a participant in Nelson's scheme and thus acted with commercially bad faith.

Defendant contends that Castorino's failure to provide specific provisions upon which Castorino bases his claim for breach of contract is a sufficient basis to dismiss such a claim; however, the Court should consider Castorino's position in light of the circumstances. Castorino is unaware of the contents of the English document and is unable to expressly state which portions of the contract Defendant Citibank, N.A. breached; nevertheless, the allegations made in the Complaint support the position that either an express or implied duty of commercial reasonableness was imposed on Defendant Citibank via the contractual relationship. Underwood v. New Netherland Bank of New York, 150 N.Y.S. 487 (N.Y.Sup.1914) (holding that the facts and circumstances upon which an implied agreement rests need not be pleaded).

Under FRCP 8(a), a party filing a complaint must state (1) the grounds for the court's jurisdiction; (2) a short and plaint statement of claim; and (3) a demand for judgment. As to the second requirement, a party need only provide "notice" to an opposing party. The Supreme Court has stated that "although the rule encourages brevity, the complaint must say enough to give the defendant 'fair notice' of what the plaintiff's claim is and the grounds upon which it rests." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2507 (2007). Here Castorino's complaint satisfies each requirement and gives Citibank fair notice of the claim and the grounds upon which it rests. Castorino has pled sufficient facts to give Citibank notice of his claim; namely, there was a contract between the parties which Citibank breached causing Castorino to

8

suffer damages. Pursuant to Federal Rules Castorino is not required to plead further details as Citibank contends.

It would be unjust for Defendant Citibank to request this Honorable Court dismiss the pending action for breach of contract on the basis that Castorino failed to attach a document Defendant never provided and continues to refuse to provide. Essentially, Defendant's motion can be viewed as a backhanded attempt at handicapping Castorino by cutting off Castorino's ability to seek recourse as a consequence of Defendant's failure to provide Castorino the missing English document that, together with the Spanish document, makes up the entire contract between the parties.

Based on the foregoing, Defendant's Motion to Dismiss Castorino's First Claim for Relief, breach of contract, should be denied.

## POINT III

### CASTORINO'S CLAIM FOR BREACH OF STANDARD OF CARE

Castorino has pled a cause of action for breach of standard of care as an alternative to his breach of contract claim; as such, Defendants contention that the parties' contractual relationship would prevent an independent claim for negligence is inappropriate.

Castorino concurs with Defendant's statement in its Motion to Dismiss that "[I]t is well-settled law that the relationship between a bank and its depositors arises from a contract between the parties;" Tevdorachvili v. Chase Manhattan Bank, 103 F. Supp.2d 632, 640 (E.D.N.Y. 2000). However, it is important for the Court to recognize that such a relationship does not exclude Castorino's ability to seek recourse in tort. Quail Ridge Associates v. Chemical Bank, 162 A.D.2d 917, 919, 558 N.Y.S.2d 655, 657 (N.Y.A.D.

3d Dept 1990); JP Morgan Chase Bank v. Winnick, 350 F. Supp. 2d 393, 401 (S.D.N.Y. 2004) (holding that "[w]here the duty arises in commercial context in which a contract exists, the duty attendant to that special relationship 'must spring from circumstances extraneous to and not constituting elements of the contract, although it may be connected with and dependent upon the contract'"). For example, courts have held that a tort may accompany a breach of contract where the contract creates a relationship out of which springs a duty, independent of the contract obligation, and that independent duty is also violated. Id; Clark-Fitzpatrick, Inc. v. Long Island RR Co., 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987). ("[I]f the only interest at stake is that of holding the defendant to a promise, the courts have said that the plaintiff may not transmogrify the contract claim into one for tort.")(citing Hargrave v. Oki Nursery, Inc., 636 F.2d 897, 899 (2d Cir.1980)). Moreover, if this Court were to determine that the English documents and/or the Spanish documents do not control the relationship under a theory of contract, the Court could consider the special relationship of the parties and determine that Defendant owed Castorino a duty to act in a commercially reasonable manner, which the Defendant breached.

Defendant's claim that Castorino is prohibited from bring a claim for breach of standard of care is misguided. Defendant relies on the holding in Tevdorachvili v. Chase Manhattan Bank,103 F. Supp.2d 632, 640 (E.D.N.Y. 2000), to support its position that Castorino's cause of action is improper and should be dismissed; however, unlike in Tevdorachvili, the facts alleged by Castorino in the Complaint place Defendant Citibank on notice of a dispute between the Joint Account holders. Tevdorachvili, 640. Defendant Citibank's actions, after being put on notice of the dispute, created a relationship beyond

that of a typical bank and depositor and obligated Defendant to act in a commercially reasonable manner with regard to Castorino.

Castorino's Complaint alleges the necessary elements to support a claim against Defendant for breach of standard of care by alleging that Defendant owed Castorino a duty to act with reasonable care in regard to any account Citibank knew or should have known Castorino had an interest *(Complaint, Paragraph 33)*. Castorino's Complaint provides detailed allegations of Defendant's deviations from the standard of care, which include but are not limited to 1) failing to follow Castorino's specific instructions, 2) failing to place a hold on the account after being advised of a conflict between Castorino and the other account owners, 3) knowing that a conflict existed and allowing one account holder to withdraw 90% of the funds in the account without notifying the other account holder, namely Castorino, within a reasonable time, and 4) concealing and withholding information from Castorino *(Complaint, Paragraph 35)*.

At the time Defendant performed the foregoing acts and/or omission, Defendant was aware of an active dispute between Castorino and the other account holders. In fact, after Defendant received specific instructions from Castorino requesting for confidentiality regarding a meeting with the Defendant, Defendant failed to abide by Castorino's instructions and immediately notified Nelson of Castorino's request. With knowledge of an ongoing dispute, Defendant had an obligation to treat all account holders equally and should have notified all account holders of any and all communications between the Defendant and any one of the account holders. Instead, Defendant showed preferential treatment to one account holder, Nelson, over Castorino. As alleged in Castorino's Complaint, upon notifying Nelson of Defendant's conversation

with Castorino, Nelson instructed Defendant Citibank to transfer funds in excess of $1,000,000.00 to an account controlled by Nelson. Defendant failed to timely inform Castorino of this transfer, even though Defendant was aware of the ongoing dispute between Castorino and Nelson. Defendant's actions, which are clearly alleged in the Complaint, were dishonest, amounted to bad faith, and clearly support Castorino's cause of action for breach of standard of care in addition to a potential claim for breach of an implied covenant of commercial good faith.

Defendant attempts to avoid liability for breach of standard of care citing to N.Y. Banking Law, Section 675(a); Brown v. Bowery Savings Bank, 51 N.Y.2d 411, 434 N.Y.S.2d 916, 917 (1980) and Sapriel v. Charbit, 309 A.D.2d 601, 765 N.Y.S.2d 369, 370 (1st Dept 2003). However, it is important to note that the general rule has been qualified by the court in Estate of Swidow, which held that the protections provided by Section 675(a) did not provide a defense to the depositary bank where the bank was clearly aware of competing claims to a joint account and still allowed one joint tenant to close out the account without providing notice to the other joint account holder. Estate of Swidow v. Kachkowski, 2003 WL 175256, 3 (N.Y.Sur. 2003); N.Y. Banking Law § 675(a). In light of the foregoing qualification, Section 675(a) does not relieve Defendant Citibank, N.A. from liability as Castorino placed Citibank on notice of the dispute between the account holders and Defendant had ample opportunity to take measures to avoid liability, but knowingly chose not to.

Defendant makes a final attempt at avoiding liability for breaching the standard of care by turning to N.Y. Banking Law, Section 134(5) and claiming that said statute provides that Defendant Citibank would not have been able to place a hold on the account

without an injunction or a restraining order issued by a court of competent jurisdiction. Taking this as true, Defendant Citibank is not automatically released from liability for breach of a standard of care for failing to act in a commercially reasonable manner, because the facts alleged in the complaint hold that Defendant Citibank breached the standard of care not simply by failing to place a hold on the Joint Account, but also by failing to disclose information to all account holders equally and by concealing and withholding information about the Joint Account from Castorino.

Based on all the foregoing reasons, Defendant's Motion to Dismiss Castorino's Second Claim for Relief, Breach of Standard of Care, should be denied.

## POINT IV

## CASTORINO'S CLAIM FOR PUNITIVE DAMAGES

Castorino has not pled a claim for punitive damages; thus, Defendant's motion to dismiss is inappropriate. Castorino shall not respond to Defendant's Point IV at this time. Castorino reserves the right to seek leave to amend after discovery should discovery reveal such a claim is appropriate.

## CONCLUSION

For all the foregoing reasons, we respectfully request that this Honorable Court deny Defendant Citibank, N.A.'s Motion to Dismiss Castorino's Complaint and enter such other and further relief as it deems just and proper.

A motion to dismiss for failure to state claim on which relief could be granted does not require that the court completely grant or completely deny said motion. Decker v. Massey-Ferguson, Ltd., 681 F.2d 111 (C.A.2.N.Y. 1982); FED. R CIV. P. 12(b)(6). The court may grant as to part of the complaint and deny as to the remainder. Id. As such, should this Honorable Court determine that any or all of Castorino's claims require dismissal, Castorino respectfully requests leave to amend its Complaint. See Campo v. 1st Nationwide Bank, 857 F.Supp. 264 (E.D.N.Y. 1994) (holding that: 1) leave to amend pleading may only be denied when the court finds undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, or undue prejudice to opposing counsel and 2) the granting of leave to amend complaint and/or replead should generally be permitted upon the district court's granting of a motion to dismiss, unless it is clear that plaintiff can allege no facts sufficient to support its claims.)

Dated: New York, New York
       April 30, 2008

FISHER & MANDELL LLP

By: /s/ *Barry R. Fischer*

Barry R. Fischer (BF-0274)
Attorney for Plaintiff
550 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 840-9300

ROTH, ROUSSO & KATSMAN

George A. Minski, Esq.
Co-Counsel for Plaintiff
18851 NE 29th Avenue, Suite 900
Aventura FL 33180
(786) 279-0000